[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a decision of the defendant commissioner of motor vehicles ordering suspension of the plaintiff's motor vehicle operator's license. The basis of the commissioner's decision was the plaintiff's refusal to consent to a chemical blood alcohol test after his arrest for operating under the influence of alcohol, as provided in C.G.S 14-227b. The court finds the issues in favor of the defendant commissioner.
The plaintiff raises three issues as the bases of his appeal: (1) that General Statutes 14-227b is facially unconstitutional; (2) that the evidence was insufficient to support the hearing officer's finding that the plaintiff refused to submit to the required breath tests; and (3) that the hearing officer's decision was arbitrary and capricious.
The plaintiff argues that 14-227b is unconstitutional because it impermissibly delegates to an agency of the executive branch the judicial function of determining probable cause. The plaintiff cites no appellate or superior court authority for this theory. "One who challenges the constitutionality of a statute bears the heavy burden of overcoming the presumption of its constitutional validity and of establishing the statute's invalidity beyond a reasonable doubt." Ecker v. Town of West Hartford, et al, 205 Conn. 219, 237 (1987). The plaintiff has not carried that burden in this case. CT Page 6023
The plaintiff's argument concerning the evidence of his refusal to submit to testing focuses on the conflict between the police officer's A44 report and the plaintiff's testimony at the administrative hearing. A review of the police report and the plaintiff's testimony indicates that the police first attempted to administer the test on a machine that was not functioning properly. Then they administered a test on a functioning machine, showing the plaintiff's BAC to be .197. The plaintiff then refused another test on the functioning machine, claiming he'd done enough.
The plaintiff's arguments on the evidence and the hearing officer's conclusions cannot be sustained. General Statutes4-183 (f) provides that "[t]he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact." Similarly, "[w]ith regard to questions of fact, it is [not] the function of the trial court . . . to retry the case or to substitute its judgment for that of the administrative agency. CLP v. DPUC, 219 Conn. 51, 57 (1991). "If the administrative record provides substantial evidence upon which the hearing officer could reasonably have based his finding . . . , the decision must be upheld." Conn. Building Wrecking Co. v. Carothers, 218 Conn. 580, 601 (1991). "Judicial review of conclusions of law reached administratively is also limited. The court's ultimate duty is only to decide whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion." CLP v. DPUC, 219 Conn. 51, 57-58 (1991). The police officer's report provides sufficient evidence to support the hearing officer's findings and conclusions, and the court may not, therefore, disturb them. This is true even though the plaintiff's testimony to some degree was in conflict with the report.
The plaintiff's final argument is that the commissioner, through his hearing officer, abused his discretion in not ordering the presence of the police officer at the administrative hearing. The short answer to that argument is that the plaintiff himself never requested the presence of the police officer and did not object to the admission of the officer's report form in evidence. The hearing officer was entitled, therefore, to consider and give whatever weight he chose to the statements contained in that report. Volck v. Muzio, 204 Conn. 507, 518 (1987). Accordingly, it was not an abuse of discretion for the hearing officer not to call the police officer as a witness. CT Page 6024
The appeal is dismissed.
Maloney, J.